### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **PIXELTIDE PATHWAY, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:22-cv-00225** |
| **v.** | ) | |
| | ) | |
| **LOJACK CORPORATION** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Pixeltide Pathway, LLC ("Pixeltide") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent Nos. 7,075,433 ("the '433 patent") and 9,183,728 ("the '728 patent") (referred to as the "Patents-in-Suit") by Lojack Corporation ("Lojack").

### I.     THE PARTIES

1.   Plaintiff Pixeltide is a Texas Limited Liability Company with its principal place of business located at 2100 14th St, Ste 107 PMB 1017, Plano, TX 75074.

2.   On information and belief, Lojack is a corporation organized and existing under the laws of the state of Massachusetts, with a regular and established place of business located at 2400 N Glenville Dr Ste 225 , Richardson, TX, 75082-0244.  On information and belief, Lojack sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Lojack can be served with process at its registered agent, CORPORATION SERVICE COMPANY D/B/A+, 211 E. 7TH STREET SUITE 620, AUSTIN, TX 78701, or anywhere else it may be found.

### II.     JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in Texas. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.   INFRINGEMENT

### A.  Infringement of the '433 Patent

6.   On July 11, 2006, U.S. Patent No. 7,075,433 ("the '433 patent", included as an attachment and part of this Complaint) entitled "Bluetooth theft control" was duly and legally issued by the U.S. Patent and Trademark Office.  Pixeltide owns the '433 patent by assignment.

7.   The '433 patent relates to computerized theft and displacement control and observation, dedicated to objects which represent a certain value or importance for its owner and shall thus be observed.

8.   Lojack designs, manufactures, markets and sells systems and processes for relates to computerized theft and displacement control and observation, that infringe one or more claims of the '433 patent, including one or more of claims 1-21, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '433 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.   Support for the allegations of infringement may be found in the following preliminary table attached as Exhibit A.

10. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

11. Lojack has and continues to induce infringement. Lojack has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., relates to computerized theft and displacement control and observation) such as to cause infringement of one or more of claims 1–21 of the '433 patent, literally or under the doctrine of equivalents.  Moreover, Lojack has known of the '433 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

12. Lojack has and continues to contributorily infringe. Lojack has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., relates to computerized theft and

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

displacement control and observation) such as to cause infringement of one or more of claims 1–21 of the '433 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Lojack has known of the '433 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

13. Lojack has caused and will continue to cause Pixeltide damage by direct and indirect infringement of (including inducing infringement of) the claims of the '433 patent.

**B.  Infringement of the '728 Patent**

14. On November 10, 2015, U.S. Patent No. 9,183,728 ("the '728 patent", included as an attachment and part of this Complaint) entitled "Self-detection of lost device status using device-to-device communications with one or more expected neighboring devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Pixeltide owns the '728 patent by assignment.

15. The '728 patent provide methods and apparatus are provided for self-detection of lost device status using device-to-device communications with one or more expected neighboring devices.

16. Lojack designs, manufactures, markets and sells systems and processes for providing for self-detection of lost device status using device-to-device communications with one or more expected neighboring devices, that infringe one or more claims of the '728 patent, including one or more of claims 1-18, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '728 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put

---

[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it. Support for the allegations of infringement may be found in the following preliminary table attached as exhibit B.

17. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

18. Lojack has and continues to induce infringement. Lojack has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods and apparatus for self-detection of lost device status using device-to-device communications with one or more expected neighboring devices) such as to cause infringement of one or more of claims 1–18 of the '728 patent, literally or under the doctrine of equivalents.  Moreover, Lojack has known of the '728 patent and the technology underlying it from at least the filing date of the lawsuit.[3]   For clarity, direct infringement is previously alleged in this complaint.

19. Lojack has and continues to contributorily infringe. Lojack has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods and apparatus for self-detection of lost device status using device-to-device communications with one or more expected neighboring devices) such as to cause infringement of one or more of claims 1–18 of the '728 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Lojack has known of the '728 patent and the

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

technology underlying it from at least the filing date of the lawsuit. [4] For clarity, direct infringement is previously alleged in this complaint.

20. Lojack has caused and will continue to cause Pixeltide damage by direct and indirect infringement of (including inducing infringement of) the claims of the '728 patent.

## IV.    JURY DEMAND

Pixeltide hereby requests a trial by jury on issues so triable by right.

## V.    PRAYER FOR RELIEF

WHEREFORE, Pixeltide prays for relief as follows:

   a.    enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

   b.    award Pixeltide damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

   c.    award Pixeltide an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

   d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Pixeltide its attorneys' fees, expenses, and costs incurred in this action;

   e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

---

[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

f.   a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.   award Pixeltide such other and further relief as this Court deems just and proper.

DATED: January 31, 2022                    Respectfully submitted,


                                           RAMEY & SCHWALLER, LLP

                                           */s/William P. Ramey, III*
                                           William P. Ramey, III
                                           Texas Bar No. 24027643
                                           Donald Mahoney
                                           Texas Bar No. 24046336
                                           5020 Montrose Blvd., Suite 800
                                           Houston, Texas 77006
                                           (713) 426-3923 (telephone)
                                           (832) 900-4941 (fax)
                                           wramey@rameyfirm.com
                                           tmahoney@rameyfirm.com

                                           ***Attorneys for Pixeltide Licensing, Inc.***